IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PAUL BELLOWS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2877 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Christopher Paul Bellows, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging the denials of his earlier section 2254 petition and of a certificate of appealability. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the reasons shown below, this petition will be dismissed with prejudice.

Petitioner complains that on October 21, 2005, the federal district court denied his section 2254 petition and a certificate of appealability in *Bellows v. Dretke*, C.A. No. 05-cv-2810 (S.D. Tex. 2005). Petitioner admits that he did not pursue an appeal of those rulings to the Fifth Circuit Court of Appeals. He now complains that the district court's denial of his section 2254 petition and of a certificate of appealability violated his constitutional rights.

Petitioner cannot pursue relief under 28 U.S.C. § 2254. Under section 2254,

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to *any claim that was adjudicated on the merits in State court proceedings* unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). By its own terms, section 2254(d) applies only to challenges of adjudications made in state court proceedings. As petitioner in the instant case challenges an adjudication made in a federal court proceeding, he may not proceed under section 2254(d).

Petitioner would fare no better if this Court were to construe his habeas petition as one brought under 28 U.S.C. § 2241. To prevail under section 2241, petitioner must show that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c). The United States Constitution does not generally mandate a right to appellate review, and petitioner's claim regarding the denial of a certificate of appealability is not cognizable in a federal habeas corpus proceeding. *See Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1995). Further, petitioner shows no constitutional infirmity by the act of a district court ruling against a habeas petitioner.

To the extent the instant petition can be construed as a challenge to petitioner's underlying state conviction itself, it stands as a successive federal habeas petition. A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1). The Court notes that petitioner's challenges here to his state conviction are the same as those raised in his first section 2254 petition. Thus, petitioner was required to obtain an order of authorization from the Fifth Circuit Court of Appeals to raise these grounds by successive petition. No such authorization is shown. To the extent petitioner now raises habeas grounds not presented in his first habeas petition, he fails to show authorization from the Fifth Circuit to pursue a successive habeas.

Petitioner's proper avenue of relief was to the Fifth Circuit Court of Appeals through direct appeal of the district court's denial of his section 2254 habeas petition. *See* 28 U.S.C. § 2253; Rule 22(b), FED. RULES APP. P. Accordingly, this petition for habeas relief is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. As petitioner has not made a substantial showing of the denial of a constitutional rights, no certificate of appealability will issue.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on September 29, 2006.

_____
Gray H. Miller
United States District Judge